

DENNIS K. BURKE
United States Attorney
District of Arizona
MOLLY E. McMURRAY
Assistant United States Attorney
Evo A. Deconcini U.S. Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
molly.mcmurray@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,       )    CR 10-636-T-FRZ(CRP)
                                )
            Plaintiff,          )    PLEA AGREEMENT
                                )
      v.                        )
                                )
Felipa Floricel Chelis-Olivarria,    )
                                )
            Defendant.          )
_____)

The United States of America and the defendant agree to the following disposition of this matter:

1.      The defendant agrees to plead guilty to Counts One through Four of the Information, which charges the defendant with felony violations of Title 18, United States Code, Section 371, Conspiracy to Commit a Bulk Cash Smuggling Offense and Conspiracy to Commit a Monetary Instruments Reporting Offense; and Title 31, United States Code, Sections 5316, 5317 and 5332, Bulk Cash Smuggling, and Failure to Report Monetary Instruments, and will admit to the Forfeiture Allegation as contained in the Information. The elements of the conspiracy and bulk cash smuggling are as follows:

a.      The defendant conspired to, and committed, the following acts:

b.      The defendant knowingly concealed more than $10,000 in currency or other monetary instruments on her person or in any conveyance, article of luggage, merchandise, or other container;

c.    The defendant knowingly attempted to transport and transfer such currency or other monetary instruments from a place within the United States to a place outside the United States;

d.    The defendant knew she was required to file a report of the amount of money she was attempting to transport with the Secretary of Treasury; and

e.    The defendant intended to evade filing such a report.

2.    The elements of the conspiracy and failure to report monetary instruments are as follows:

a.    The defendant knowingly attempted to transport and transfer monetary instruments of more than $10,000 at one time from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

b.    The defendant knew that a report of the amount transported was required to be filed with the Secretary of Treasury; and

c.    The defendant willfully failed to file such report.

As a sentencing factor, the government would be required to prove that the quantity of currency knowingly concealed was $16,260.00.

3.    The defendant understands that the maximum penalties for the offense to which she is pleading are a fine of $250,000.00, a term of not more than five (5) years imprisonment, or both, and a three (3) year term supervised release.

4.    The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5.    Pursuant to Title 18, United States Code, Section 3013, the defendant shall pay a special assessment of $100.00 per count for a total of $400. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the

defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

6. Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree as follows:

a. The parties agree to a sentencing range of zero (0) to six (6) months imprisonment. The defendant may withdraw from the plea agreement if she receives a sentence in excess of six months imprisonment.

b. The government will recommend a sentence of time served.

c. The parties agree to waive the presentence investigation and report in this matter, pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), and to expedite the sentencing hearing. If this provision is rejected by the District Court, the defendant shall not be allowed to withdraw from this plea.

7. This agreement is expressly conditioned on the defendant's criminal history falling within Category I of the Sentencing Guidelines. If the defendant's criminal history exceeds Category I, the government reserves its right to withdraw from the plea agreement.

8. <u>AGREEMENT AS TO FORFEITURE</u>

a. Defendant, Felipa Floricel Chelis-Olivarria, knowingly and voluntarily agrees to forfeit all right, title and interest in $16,260.00.

b. Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the asset listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

c. Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable asset and waives the requirements of Federal Rules of Criminal Procedure, Rules 7 and 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture

3

in the judgment.

d.     The defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time her guilty plea is accepted.

e.     Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

f.     Defendant warrants that she is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset covered by this agreement.

g.     Defendant knowingly and voluntarily agrees and understands the forfeiture of the asset listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

8.     The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

9.     If the Court, after reviewing this plea agreement, concludes any provision

4

is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea, except as agreed above in paragraph 6c.

10.    The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

11.    The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement.  The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging her conviction or sentence in this case.  If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

12.    If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated.  In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or

5

the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

13.    The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

(A)    All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(B)    All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(C)    All history of drug abuse which would warrant a treatment condition as part of sentencing.

(D)    All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

14.    Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as might be appropriate now or in the future.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS
### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other right with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven

guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### Factual basis

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

7

On March 9, 2010 Felipa F. Chelis-Olivarria and Jose L. Hernandez-Galvez were outbound at the Douglas, Arizona port of entry. Both gave negative declarations to Customs and Border Protection officers regarding the possession of currency or monetary instruments of $10,000 or more. Upon physical inspection, $7,351 was discovered on the person of Hernandez-Galvez and a total of $8,909 was discovered in Chelis-Olivarria's purse and cosmetics bag in three separate bundles wrapped in dryer sheets and further wrapped in plastic. Chelis-Olivarria stated that Hernandez-Galvez put some of the money in her purse and cosmetics bag and she knew she was supposed to declare the currency to officials at the Port of Entry upon leaving the United States.

_____3\28\10_____
Date

_____Floricel Chelis_____
Felipa Floricel Chelis-Olivarria
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

_____3\29\10_____
Date

_____
SAJI VETTIYIL, ESQ.
Attorney for Defendant

//

8

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

MOLLY E. McMURRAY
Assistant U.S. Attorney